IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| **S.W.**, <br><br> Plaintiff, <br><br> v. <br><br> **ANDREW SAUL, Commissioner of Social Security Administration,** <br><br> Defendant. | Civil Action No. 7:18-CV-150 (HL) |

**ORDER**

This case is before the Court on Plaintiff's unopposed Motion for Attorney's Fees Under the Social Security Act. (Doc. 29). For the following reasons, the Court **GRANTS** Plaintiff's motion and awards Plaintiff's counsel $16,736.00 in attorney's fees.

On September 11, 2019, this Court entered an Order (Doc. 23) adopting the Recommendation of United States Magistrate Judge Thomas Q. Langstaff (Doc. 22), reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g), and remanding this case to the administrative level for further development of the record. The parties later stipulated to an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 26). The Court approved the stipulation and awarded Plaintiff $10,848.96 in attorney's fees. (Doc. 27). On remand, the Commissioner granted Plaintiff's application for benefits and issued an award of past due benefits totaling

$90,944.00, of which 25% is $22,736.00. (Doc. 29-1, p. 1). Plaintiff now seeks an award of attorney's fees under 42 U.S.C. § 406(b) of $16,736.00, which is $22,736.00 less a $6,000.00 fee counsel received for his services representing Plaintiff before the agency.[1]

Under 42 U.S.C. § 406(b), an award of attorney's fee is authorized "where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d, 1273, 1277 (11th Cir. 2006). The statute provides that the district court may award a reasonable contingency fee for successful representation of a claimant in a Social Security appeal, provided that the amount does not exceed 25% of the total past due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1). Where EAJA fees have been awarded and counsel subsequently seeks fees under § 406(b), the amount of the EAJA award must either be repaid to the claimant or offset from the fees received under § 406(b). See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Jackson v. Comm'r of Soc. Sec., 601 F.3d 1268, 1271-72 (11th Cir. 2010).

When deciding Plaintiff's request for a § 406(b) fee award, the Court must "determine 'whether the fee sought is reasonable for the services rendered.'"

---

[1] The Supreme Court recently held that the 25% cap in § 406(b)(1)(A) applies only to fees for court representation and not to the aggregate fees awarded under §§ 406(a) and (b). Culbertson v. Berryhill, 139 S. Ct. 517 (2019). Nevertheless, Plaintiff's fee agreement with counsel appears to limit his fee to no more than 25% of his total past-due benefits.

Jackson, 601 F.3d at 1271 (quoting Gisbrecht, 535 U.S. at 807). "[C]ourts may reduce the requested fee if the representation has been substandard, if the attorney has been responsible for delay, or if the benefits are large in comparison to the amount of time the attorney spent on the case." Id. Here, the fee award requested by counsel falls within the 25% limit under § 406(b) and reflects counsel's fee agreement with Plaintiff. (Doc. 29-3).

Next, the Court must examine the reasonableness of the fee. Plaintiff's counsel bears the burden of persuasion to "show that the fee sought is reasonable for the services rendered." Gisbrecht, 535 U.S. at 807, n.17. To assist the Court in assessing the reasonableness of the fee requested, the attorney may submit the fee agreement, the record of the hours spent representing the claimant, and a statement of the attorney's normal hourly billing charge for a non-contingency fee case. Id. at 808.

Plaintiff's counsel is an experienced Social Security claimant's attorney whose legal practice is comprised of 90% Social Security work. (Doc. 29-6, ¶¶ 3-4). While the majority of counsel's legal representation is conducted on a contingency fee basis, he does on occasion bill his services at a non-contingent hourly rate of $425.00 per hour. (Id. at ¶ 15). In this case, counsel entered into a contingency fee contract with Plaintiff, whereby Plaintiff agreed to pay counsel 25% of any back benefits he received. (Doc. 29-3).

3

Counsel attests that over the course of his representation of Plaintiff, he and his law firm recorded a total of 55.30 hours of legal work. (Doc. 29-5). The services he provided Plaintiff included "evaluating the case for appeal to the district court; assessing the need to develop the medical record; advising Plaintiff regarding an appeal to district court; drafting the complaint; researching and drafting a brief in district court; reviewing the government's brief; drafting a reply brief, reviewing the final order and judgment, and preparing an application for EAJA attorney's fees." (Doc. 29-1, p. 2). Based on the amount of time expended by counsel in preparing this case and pursuing benefits on behalf of Plaintiff, as well as the requisite skill and expertise required to obtain the benefits received by Plaintiff, the Court concludes that the 25% contingency fee is reasonable.

The Court accordingly **GRANTS** Plaintiff's Motion for Attorney's Fees (Doc. 29) and awards Plaintiff's attorney $16,736.00 in attorney's fee pursuant to 42 U.S.C. § 406(b). Counsel is **DIRECTED** to refund to Plaintiff the Court's prior award of $10,848.96 in attorney's fees as required by the EAJA.

**SO ORDERED** this 14th day of April, 2021.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks